2:25-CV-495-SPC-KCD

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

APRIL BERRA, Plaintiff,

v.

STATE OF FLORIDA, FLORIDA DEPARTMENT OF LAW ENFORCEMENT, FLORIDA SUPREME COURT, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, FLORIDA DMV, LOCAL LAW ENFORCEMENT AGENCIES, AND OTHER UNKNOWN DEFENDANTS, Defendants.

**COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE LAWS, NEGLIGENCE, CYBERCRIME, PRIVACY VIOLATIONS, AND DUE PROCESS DENIAL**

**I. INTRODUCTION**

1. Plaintiff, April Berra, brings this action against the State of Florida and various agencies for their failure to enforce federal and state laws, protect critical infrastructure, and prevent systemic cybercrime, fraud, and civil rights violations.
2. This lawsuit arises from an ongoing pattern of **cybercrime, identity theft, privacy breaches, law enforcement misconduct, and government inaction** that has resulted in financial losses, personal harm, and the denial of fundamental rights.
3. The State of Florida and its agencies have failed to act on numerous reports and complaints filed with law enforcement, government agencies, and oversight bodies, constituting a deliberate **obstruction of justice and deprivation of due process** under the U.S. Constitution.

**II. JURISDICTION AND VENUE** 4. This Court has jurisdiction pursuant to **28 U.S.C. § 1331 (Federal Question Jurisdiction)** and **28 U.S.C. § 1343 (Civil Rights and Federal Statutory Violations)**. 5. Venue is proper in this district under **28 U.S.C. § 1391(b)** because the events giving rise to this lawsuit occurred in Florida.

**III. PARTIES** 6. **Plaintiff:** April Berra, residing at 805 4th Ave N, Apt 3, St. Petersburg, FL 33701. 7. **Defendants:** State of Florida and its agencies, including but not limited to:

- Florida Department of Law Enforcement (FDLE)
- Florida Supreme Court
- Florida Department of Children and Families (DCF)
- Florida Department of Motor Vehicles (DMV)
- Local law enforcement agencies
- Other unknown defendants responsible for cybercrime and legal violations.

**IV. FACTUAL ALLEGATIONS** 8. Plaintiff has been a victim of the **Salt Typhoon apt data breach and NPD data breach**, ongoing since 2021, which exposed sensitive personal data, leading to identity theft and financial harm. 9. Florida agencies have **failed to safeguard critical infrastructure**, including the courts' e-filing systems, allowing unauthorized access and

manipulation of records. 10. The state's negligence has resulted in the **unauthorized access of foster care, mental health, and disability records**, violating **HIPAA, FERPA, and privacy laws**. 11. Court records have been **altered, falsified, or hidden**, preventing legal recourse and due process. 12. Plaintiff has been subjected to **targeted police harassment, stolen U.S. mail, break-ins into her car and home, and falsified DMV and insurance records**. 13. Plaintiff has suffered **Medicaid and Social Security payee benefits fraud**, banking fraud, and **voter registration manipulation**. 14. The Florida Department of Business and Professional Regulation (DBPR) has maintained **incorrect and outdated records**, preventing Plaintiff from correcting vital professional and legal information. 15. **Police reports have been altered or dismissed**, and FOIA/FOIPA requests for police body cam footage have been denied. 16. **Malicious job harassment, both online and in-person**, has led to financial and emotional harm. 17. The Florida courts have **swapped jurisdictions**, failed to inform Plaintiff of legal proceedings, and denied access to legal representation. 18. **Children's medical and educational records have been falsified or withheld**, violating FAPE and ADA protections. 19. **Drug court and probation programs have falsified drug test results**, leading to wrongful legal actions. 20. The state has failed to **recognize domestic violence complaints and investigate financial fraud involving children's master trusts**. 21. **Florida state workers have used Plaintiff's foster care records to harass and intimidate her**, violating privacy laws and the Barber Act. 22. **Failure to accommodate a deaf child's education and communication needs** has resulted in long-term academic setbacks, worsened by the state's refusal to follow FAPE and ADA requirements during COVID-19. 23. **Plaintiff's legal documents have been lost, denied, or misdelivered**, further obstructing justice. 24. **Incorrect Zoom court information** has resulted in wrongful warrants, causing **financial harm and loss of employment**. 25. **Florida allows online mugshot databases to publicly display false criminal records**, even after multiple removal requests. 26. The state has used **mental health court programs to falsely declare Plaintiff incapacitated**, depriving her of legal rights and property.

**V. STATUTE OF LIMITATIONS AND TIMELY ACTION** 27. The violations described are **ongoing**, and thus the statute of limitations should be tolled. 28. Florida's deliberate retention of jurisdiction and refusal to investigate has **denied Plaintiff the ability to seek legal remedies**, justifying federal intervention. 29. Federal law supports tolling the statute of limitations when government actors **obstruct justice, deny due process, or fraudulently conceal evidence**.

### VI. LEGAL CLAIMS

- **Count I:** Violation of the **Fourteenth Amendment** (Due Process & Equal Protection)
- **Count II:** Violations of **HIPAA, FERPA, ADA, and FAPE**
- **Count III:** Violation of **Computer Fraud and Abuse Act (CFAA)**
- **Count IV:** Identity Theft and Fraud (**18 U.S.C. § 1028, 18 U.S.C. § 1030**)
- **Count V:** Obstruction of Justice (**18 U.S.C. § 1503, § 1512**)
- **Count VI:** Cybercrime Negligence and Data Breach Violations
- **Count VII:** Fraud and Misrepresentation by State Agencies
- **Count VIII:** Retaliation and Harassment by State Workers

### VII. REQUEST FOR RELIEF WHEREFORE, Plaintiff requests: